(90 South. 51)

### BAGLEY v. STATE.    (7 Div. 700.)

(Court of Appeals of Alabama.   June 21, 1921.)

**1. Witnesses &#9758;405(1)—State held entitled to contradict testimony of defendant's witness on cross-examination.**

Where a witness for defendant had testified that he was not drunk on an occasion when the prosecuting witness stated that he had never bought liquor from defendant, it was a material matter whether such witness was drunk, or had been drinking, at the time, so that the state can show that fact, though it had itself brought out defendant's declaration on cross-examination.

**2. Criminal law &#9758;1159(3)—Weight of conflicting testimony is for the jury.**

Where the evidence was in conflict, the weight to be given the testimony is for the jury, even though the appellate court is not much impressed with the testimony offered by the state.

**3. Criminal law &#9758;995(5)—Judgment need not state hard labor was additional to fine and cost.**

Where the jury returned a verdict of guilty with a fine and costs, a sentence permitting the defendant to confess the fine and costs, but sentencing him to hard labor for four months, was not defective, though it did not state in so many words that the hard labor was additional punishment, since that fact is sufficiently clear from the judgment entry.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Ship Bagley was convicted of violating the prohibition law, and he appeals. Affirmed.

The judgment showed that on the 10th day of September, 1920, there was a verdict of guilty and a fine of $500, and on September 11th the court sentenced the defendant for the offense to hard labor for the county for four months, but allowed the defendant to confess for the fine and costs. The evidence tended to show that one Ratlidge and another person went to the home of Arthur Snyder and bought from the defendant each a half pint of whisky. While Ben Miller was on the stand, he was asked by the solicitor if he was not drunk or drinking at the time he said that Ratlidge made the statement that he had never bought a drop of whisky from the defendant in his life. Then follows what appears from the opinion.

P. E. Culli, of Gadsden, for appellant.

The defendant was entitled to the affirmative charge. 64 South. 158. The court was in error in permitting the state to impeach its own witness. 4 Ala. App. 112, 58 South. 788; 156 Ala. 500, 47 South. 172. The court was in error in adding the additional punishment. Acts 1915, p. 2; section 7630, Code 1907.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The appellant was convicted of a violation of the prohibition law, and appeals.

[1] The defendant's witness Miller, on cross-examination, testified that he was not drunk, neither was he drinking, at a certain time at Keeling's drug store when in a conversation Ratlidge, the state's witness, said he had never bought a drop of liquor from the defendant in his life. Over the objection of the defendant, the state was permitted to show by the witness Ratlidge that at the time of the conversation at Keeling's drug store Miller was drinking and staggering around.

It is true that the state elicited the testimony of the witness Miller that he was not drunk, neither was he drinking, at the time referred to; but it was a very material inquiry, and a fact to be considered by the jury, as to his condition when he heard the witness Ratlidge make the declaration accredited to him. The state was not bound by Miller's declaration brought out on cross-examination, if it could show his condition to be such as would tend to discredit and impeach the truthfulness of such a statement.

[2] There was no error in refusing the general affirmative charge requested by the defendant. The evidence was in conflict. and while we may not be so much impressed with the testimony offered by the state, the weight to be given the testimony is a matter for the jury.

[3] It is sufficiently clear from the judgment entry that the imposition of four

---

months' hard labor is in addition to the fine imposed by the verdict of the jury. The judgment recites a confession by the defendant and sureties for the amount of the fine and cost, and while it is not said in so many words that hard labor is added as additional punishment, with the fine and cost confessed, such sentence for hard labor could only be as additional punishment.

There is no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.